**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM FELS and BERNICE FELS,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **No. 15-0136** |
| **v.** | : | |
| | : | |
| **ALAN RUTENBERG d/b/a LRD** | : | |
| **GRAPHICS, INC., et al.,** | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM ORDER</u>

This 29th day of October, 2015, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, and Plaintiffs' Response thereto, it is **ORDERED** that Defendants' Motion is **DENIED IN PART** and **GRANTED IN PART**, as follows.

In analyzing Defendants' Motion, I must assume all of Plaintiffs' factual allegations are true, draw all inferences in their favor, and then determine whether they give rise to a plausible entitlement for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Viewing the facts alleged and all inferences drawn therefrom in the light most favorable to the non-moving party, I find that Plaintiffs have plead a plausible claim for "Negligence re: Fire" under Count IV. Therefore, Defendants' Motion to Dismiss Plaintiffs' Negligence Claim (Count IV) is **DENIED** without prejudice to Defendants' right to reassert their arguments at summary judgment should discovery reveal facts to support Defendants' contention that the fire was not caused by their negligence. Plaintiffs concede they must withdraw their damages claims for "any implicit claims of physical or personal injury" under Count IV. Therefore, Defendants' request to strike any reference to personal injuries or pre-existing conditions from Plaintiffs' First Amended Complaint is **GRANTED AS UNOPPOSED.**

1

Because Plaintiffs have pleaded a plausible claim for negligence, Defendant LRD Graphics, Inc.'s Motion to Dismiss Plaintiffs' Breach of Contract Claim (Count I) is also **DENIED** without prejudice to Defendant's right to reassert its argument at summary judgment should discovery reveal facts to support its contention that the fire was not caused by negligence.

Defendant Alan Rutenberg's Motion to Dismiss Plaintiff's Breach of Contract Claim under Count I against him in his personal capacity is **GRANTED.**   Defendant Rutenberg, President of LRD Graphics, Inc., signed the lease agreement at issue as an agent of the corporation.  *See* Plaintiff's First Amended Complaint at Exhibit A (lease agreement signature line appears to read,[1] "LRD Graphics, Inc., By: Alan D. Rutenberg, Pres.).  Because Rutenberg was acting within the scope of his corporate authority as President, he cannot be held personally liable for a breach of contract claim arising out of the lease agreement at issue.  *Daniel Adams Associates, Inc. v. Rimbach Pub., Inc.*, 519 A.2d 997, 1000–01 (Pa. Super. Ct. 1987) ("Where a party contracts with a corporation through a corporate agent who acts within the scope of his authority and reveals his principal, the corporate principal alone is liable for breach of the contract.").

Plaintiffs have failed to allege any facts that support piercing the corporate veil in order to hold Rutenberg individually liable for breach of contract.  In fact, Plaintiffs have voluntarily withdrawn Count VI, Piercing the Corporate Veil.  Moreover, "[p]iercing the corporate veil is admittedly an extraordinary remedy preserved for cases involving exceptional circumstances." *Vill. at Camelback Prop. Owners Assn. Inc. v. Carr*, 538 A.2d 528, 533 (Pa. Super. Ct. 1988) *aff'd sub nom. Vill. at Camelback Prop. Owners Ass'n, Inc. v. Carr*, 524 Pa. 330, 572 A.2d 1 (1990).  Thus, I find that Plaintiffs have failed to adequately plead allegations supporting

---

[1] The Court notes that the lease agreement at issue is largely illegible and expects Plaintiffs to submit a legible copy by the next stage of proceedings.

Rutenberg's liability, and Count I is therefore **DISMISSED** without prejudice as to Defendant Rutenberg.  Should facts exist to support Rutenberg's individual liability under Count I that rise to the high threshold required to pierce the corporate veil, Plaintiffs should seek leave of Court to amend their Complaint in this capacity.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile").

Defendants' Motions to Dismiss Count II, Count V, and Count VI are each **GRANTED AS UNOPPOSED.**  Count II, Count V, and Count VI of Plaintiffs' Amended Complaint are hereby **DISMISSED** without prejudice.

Defendants' Motion to Dismiss Plaintiffs' Claim for Negligence/Negligent Misrepresentation (Count III) is **GRANTED**.  As explained by the Superior Court of Pennsylvania in *Pittsburgh Const. Co. v. Griffith*, the "gist of the action" doctrine "operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims."  834 A.2d 572, 581–82 (Pa. Super. Ct. 2003).  Tort claims "lie from the breach of duties imposed as a matter of social policy" while contract claims "lie from the breach of duties imposed by mutual consensus."  *Id.*  Accordingly, "a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts."  *Id.*  Here, in support of their negligence/negligent misrepresentation claim under Count III, Plaintiffs plead that Defendants knowingly made false statements that they would pay rent and repair the building once they received insurance money related to the fire.  Thus, it is plain based on the allegations in the Complaint that Plaintiffs' negligent misrepresentation claim arises out of duties imposed by the lease agreement.

Because Plaintiffs' Negligence/Negligent Misrepresentation claim arises out of the parties' obligations under the lease agreement rather than a breach of duty imposed by social policy, Count III of Plaintiffs' Amended Complaint is **DISMISSED** without prejudice.  If Plaintiffs maintain that Defendants breached an independent duty imposed by the law of torts— as opposed to any duty created by the lease agreement itself—they should seek leave of Court to amend their Complaint accordingly to plead facts supporting a plausible claim for negligent misrepresentation.  *See Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014) ("The general governing principle which can be derived from our prior cases is that our Court has consistently regarded the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint, to be the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract.").

_____/s/ Gerald Austin McHugh
United States District Court Judge
