# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FELS and<br>BERNICE FELS | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : <br> : | NO. 15-cv-00136-RAL |
| ALAN RUTTENBERG d/b/a<br>LRD GRAPHICS, INC. and<br>LRD GRAPHICS, INC. | : <br> : <br> : | |

RICHARD A. LLORET                                                        May 8, 2017
UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM

This case involves a fire at a commercial building that caused physical damage and a loss of rental income. The plaintiffs, William and Bernice Fels, who own the building, originally claimed that their tenants, the defendants, Alan Ruttenberg and his business, LRD Graphics, Inc., negligently caused the fire and were responsible for damages both in tort and under the lease agreement. The defendants denied liability under either theory. The defendants have moved for summary judgment (Doc. No. 53), and the the plaintiffs'[1] have opposed the motion (Doc. No. 56). In their summary judgment memorandum the plaintiffs have withdrawn and agreed to the dismissal of their tort theory of liability. Doc. No. 56, at p. 8. They rely entirely on their contract rights. Doc. No. 17, at p. 4, ¶¶23-28.[2] The defendants contend that summary judgment

---

[1] Plaintiff William Fels has conceded that Bernice Fels, his current wife, has no ownership in the property and therefore has no claim in the current litigation. Doc. 56, p. 8.

[2] Because of the language of the lease, whether the defendants are liable for damages under the lease depends in part upon whether their negligence caused the fire. *See infra*, at ¶ 11b., c.

should be entered in favor of Alan Ruttenberg and LRD Graphics, Inc. because the Plaintiffs have failed to produce any evidence that LRD Graphics or Alan Ruttenberg are liable under the lease. After careful consideration of the submissions of the parties I will grant the defendants' Motion for Summary Judgment.

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A factual issue is material only if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must show the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). I "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. *Hugh v. Butler Cnty. Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005). Nevertheless, I may disregard allegations that are without evidentiary support. *See Celotex,* 477 U.S. at 322-23 ; *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000) ("unsupported allegations" cannot defeat summary judgment). Absent a genuine issue of material fact, summary judgment is appropriate. *Celotex,* 477 U.S. at 322.

I must evaluate whether there is a material issue of disputed fact through the lens of the applicable burden of proof. *Anderson,* 477 U.S.at 247-48. Where the non-moving party has the burden of proof on a claim at trial, the moving party must show the absence of evidence in the record on an essential element of the non-moving party's claim. *See Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 145–46 (3d Cir. 2004); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 84 n.2 (3d Cir. 1987). In response, the non-moving party cannot rely on the existence of "some evidence" in

support of its claim; "there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue." *Witco Corp. v. Beekhuis,* 38 F.3d 682, 686 (3d Cir. 1994) (citing to *Anderson,* 477 U.S. at 249). The inquiry is akin to the determination, on a motion for judgment at trial, whether a reasonable finder of fact, correctly applying the burden of proof, could decide against the moving party based on the available evidence. *Anderson,* 477 U.S. at 252.

With respect to the Motion for Summary Judgment, I find as follows:

1. The plaintiffs, owners of the property at 1100 Cottman Avenue, Philadelphia, PA, have sued their former tenants LRD Graphics, Inc., and the business' owner, Alan Ruttenberg[3], for damages, alleging that the lease agreement between the parties requires the lessee to pay for damage caused to the building in a fire which occurred on February 27, 2013. The defendants claim that the plain terms of the lease agreement provide that the defendants are not responsible for damages caused by accidental fire, and that there is no evidence in the record that the fire started as a result of Defendants' negligence.
2. Additionally, the plaintiffs allege that the defendants continued to owe monthly lease payments to the plaintiffs after the building was destroyed by the fire. The defendants allege that the lease agreement provides that the lease ends if the building becomes uninhabitable due to fire not caused by the

---

[3] Mr. Ruttenberg's name is spelled "Rutenberg" on the complaint, and in various filings of both parties, however, Mr. Ruttenberg clearly signed the lease agreement using a double "t," and I therefore use that spelling in this memorandum and in the order.

lessee's negligence, and the defendants therefore owe no lease payments after February 27, 2013.

3. In their response to the defendants' Motion for Summary Judgment, the plaintiffs withdrew their negligence claim (presumably Count IV of the First Amended Complaint, although the response states only, "Plaintiffs respectfully withdraw their negligence claim." *See* Doc. 56, p. 8). Therefore, the only remaining claim against the defendants Alan Ruttenberg d/b/a LRD Graphics, Inc., and LRD Graphics, Inc. is that found in Count I, Breach of Contract. Doc. 17, ¶¶ 23-28. The plaintiffs contend that the fire was the "fault" of the defendants, and the contract holds the defendants liable for damage to the building due to the fault of the defendants, or in the alternative, that the contract is ambiguous as to this point.

4. Under Pennsylvania law, the question of whether an ambiguity exists in a contract is to be determined by the Court as a question of law. *Com., State Highway and Bridge Authority v. E.J. Albrecht Co.,* 430 A.2d 328, 330, citing *17A C.J.S. Contracts §617* (1963); *Merriam v. Cedarbrook Realty, Inc.,* 404 A.2d 398 (Pa. Super. 1978). "A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." *Id.* quoting *8 P.L.E. Contracts §146,* (1971).

5. The facts are not in dispute. On February 27, 2013, during the night, a fire ignited inside the building. The building was heavily damaged by fire, water, and smoke, and was no longer usable as a printing business. The City of

Philadelphia Fire Department issued a Report of Fire Alarm, dated 2/25/2013, which states that the cause of the fire was "electrical equipment." Alan Ruttenberg, owner of Defendant LRD Graphics, went into the building with a forensic examiner sent by his insurer, who showed Mr. Ruttenberg the area where he (the forensic examiner) believed the fire had started, where a power strip had melted to the floor. *See Deposition of Alan Ruttenberg,* p. A-168.[4]

6. The plaintiffs have not hired a fire examiner or other forensic expert, but believe the fire was started by the power strip. *See Deposition of William Fels,* pp. A-135-36. They did not obtain an independent inspection of the property to determine the cause of the fire. *See Deposition of William Fels,* p. A-137.

7. Neither party knows whether it was the plaintiffs or the defendants who originally obtained the specific power strip in question, nor does either party know how long the power strip was located in the building. *See Deposition of William Fels,* p. A-137; *Deposition of Alan Ruttenberg,* p. A-173. Mr. Ruttenberg testified that this particular power strip, located in the office, did not have any of the heavy equipment used in the printing operation plugged into it, rather, it serviced his computer, a small calculator, and the phone system in his office. *See Deposition of Alan Ruttenberg,* p. A-168.

8. The plaintiffs did not have any fire insurance or property damage insurance coverage on the building. *See Deposition of William Fels,* p. A-134.

---

[4] All citations to the record reference the Appendix number from the attachments to Document 53, Defendant's Motion for Summary Judgment, and are referenced as "A-___."

9. The defendants obtained insurance for the personal property in the building, as well as income protection, but did not insure the building, on the advice of their insurance agent, because neither Mr. Ruttenberg nor LRD Graphics owned the building. *See Deposition of Alan Ruttenberg,* pp. A-169-170.

10. There is no evidence in the record that definitively names the power strip as the cause of the fire. There is also no evidence in the record that suggests, much less establishes, that the defendants were in any way negligent in their use of any electrical equipment.[5] Indeed, Ruttenberg testified that he had no indication that any of his electrical equipment was malfunctioning, and he had taken no action, such as getting water on the power strip or placing it in close proximity to another object, which may have contributed to the fire. *See Deposition of Alan Ruttenberg,* p. A-174.

11. The plaintiff William Fels and the defendants entered into a lease agreement on or about September 21, 2000. The lease provided that it would continue from year-to-year unless terminated by the parties as provided in the lease.

---

[5] The plaintiffs' response to the summary judgment motion avers that "defendants' power strip ignited a fire . . ." *see* Doc. 56 at p. 3, ¶ 2, and relies upon testimony of defendant Ruttenberg, (A-168, p. 25 of deposition of A. Ruttenberg, lines 7-11) as proof that the fire was "the defendants' fault." Doc. 56 at p. 4, ¶ 6. The cited testimony, however, concerns a document prepared by Ruttenberg's insurance company. Ruttenberg testified in response to a question about whether or not the insurer had an opinion as to what started the fire, "I thought they did. I didn't read this document in its entirety, but I thought they zeroed it down to the power strip area in my office which— which operated my computer." *Id.* Such testimony by the defendant does not constitute evidence concerning the origin of the fire. Nor does it establish negligence. Even if Ruttenberg purchased the electrical equipment that caused the fire, that fact does not make the fire Ruttenberg's "fault." "Fault" is defined as "a mistake; error," or "responsibility for a mistake or offense." *See The American Heritage Dictionary, Fourth Edition*, copyright 2001, p. 311. Mere ownership of an item does not constitute a mistake or error. Therefore, the plaintiffs' unsupported allegation that Ruttenberg owned the electrical equipment which caused the fire and therefore the fire was Ruttenberg's "fault" does not defeat summary judgment. *Celotex*, 477 U.S. at 322-23.

*See Lease Agreement*, ¶ 24, p. A-5. The lease contains several provisions that are relevant to this action:

   a. ¶ 6(c) provides: "Fire Insurance Premiums: Lessee further agrees to pay to Lessor as additional rent all increase or increases in fire insurance premiums upon the demised premises and/or the building of which the demised premises is a part, due to an increase in the rate of fire insurance in excess of the rate on the demised premises at the time of making this lease, if said increase is caused by any act or neglect of the Lessee or the nature of the Lessee's business."

   b. ¶ 8(b) provides: "Cleaning, Repairing, etc. Lessee covenants and agrees that he will without demand (b) keep the demised premises clean and free from all ashes, dirt and other refuse matter; replace all glass windows, doors, etc., broken; keep all waste and drain pipes open; repair all damage to plumbing and to the premises in general; keep the same in good order and repair as they now are, *reasonable wear and tear and damage by accidental fire or other casualty not occurring through negligence of Lessee or those employed by or acting for Lessee alone excepted.*" (emphasis supplied).

   c. ¶ 12(a) provides: "In the event that the demised premises is totally destroyed or so damaged by fire or other casualty not occurring through fault or negligence of the Lessee or those employed by or acting for him, that the same cannot be repaired or restored within a reasonable time, this lease shall absolutely cease and determine (sic), and the rent shall abate for the balance of the term.

   d. ¶ 12(c) provides: "Lessor shall make such election to repair the premises or terminate this lease by giving notice thereof to Lessee at the leased premises within thirty days from the day Lessor received notice that the demised premises had been destroyed or damaged by fire or other casualty."

12. The terms of this contract are not ambiguous. The lease is clear: (1) the Lessor will pay for fire insurance on the property, and if the cost of such insurance were to increase, depending upon the reason for the increase, such cost could be passed along to the Lessee, *as rent*; (2) the Lessee is responsible for keeping the building in good repair, but damage due to fire or other casualty not the result of the Lessee's negligence is excepted from this obligation; and

7

(3) if the building is rendered unusable due to fire or other casualty, the lease ends and the Lessee is no longer responsible for rent, unless the Lessor elects to make timely repairs.

13. For purposes of summary judgment, "a fact is 'material' if its existence or non-existence would affect the outcome of the suit under governing law." *Craig v. Franklin Mills Assoc., L.P.*, 555 F. Supp.2d 547 (E.D. Pa. 2008) (citing *Anderson*, 477 U.S. at 248). "An issue of fact is 'genuine' when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact." *Id.*

14. Construing the facts in favor of the plaintiff, the non-moving party, I must nevertheless evaluate the question through the lens of the appropriate burden of proof. *See Anderson,* 477 U.S. at 247-48. The lease provides that the defendants are liable for fire damage that results from their negligence, but not liable for damage to the premises caused by fire that is not the result of their negligence. The plaintiffs bear the burden of demonstrating a breach of the lease and damages resulting from the breach. Here, Plaintiffs have conceded that the Lessee was not negligent. Doc. 56 at p. 8. Had they not so conceded, I would find on this record that there is insufficient evidence from which a reasonable juror could conclude that the fire was caused by the negligence of the Lessee. Because the plaintiffs have conceded the issue of negligence, and rightly so, based on the absence of evidence of negligence in the record, summary judgment for the Defendants is appropriate.

15. The terms of the lease also provide that if the premises are rendered uninhabitable due to fire or other casualty not caused by the Lessee's

negligence, and the building cannot be "repaired or restored within a reasonable time," the lease terminates, and the Lessee is not responsible for rent for the remainder of the lease term. Here, there is no dispute that the premises were rendered uninhabitable by the fire. A-2, A-138, A-167. Neither is there any dispute about whether the property was "repaired or restored within a reasonable time;" it was not. A-170. As a consequence, the lease terminated, and the defendants were not responsible for rental payments beyond February 27, 2013, the date that the premises were rendered uninhabitable due to fire.[6]

---

[6] I also note that the lease required the Lessor to provide notice to the Lessee, within 30 days of a fire or other calamitous event, of its intent to terminate the lease or promptly repair the premises. On this record, it appears that the Plaintiff did neither.

I will enter an appropriate order granting the defendants' Motion for Summary Judgment.[7]

SO ORDERED.

 s/Richard A. Lloret
RICHARD A. LLORET
U.S. Magistrate Judge

DATE: May 8, 2017

---

[7] I note that Counts VII and VIII of the First Amended Complaint are asserted against fictitiously named John Doe defendants. Doc. No. 17 at pp. 7-8. A review of the docket indicates the defendants have not been identified or served. I will require the plaintiffs and their counsel to appear and show cause why the two counts should not be dismissed for failure to prosecute. *See, e.g., Adams, et al., v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir. 2015). Plaintiffs may file a motion to dismiss the two counts with prejudice, stating that the motion is filed in response to the Order, in lieu of appearing on the Order to show cause.